### CALIFORNIA FINA GROUP, INC., Plaintiff,

v.

### Robert L. HERRIN, et al., Defendants.

### No. 4:03–CV–171–A.

United States District Court, N.D. Texas, Fort Worth Division.

Aug. 8, 2003.

---

Jeffrey D. Palmer, Fulbright & Jaworski, L.L.P., Houston, TX, Counsel for Plaintiff/Brokerage Firm, California Fina Group, Inc.

Joel A. Goodman, Stephen Krosschell, Goodman & Nekvasil, P.A., Clearwater, FL, Counsel for Defendants/Investors, Robert L. Herrin, et al.

## ORDER

MCBRYDE, District Judge.

On August 7, 2003, came on for telephone conference/hearing the above-captioned action. Plaintiff, California Fina Group, Inc., and defendants, Robert L. Herrin, Josie M. Herrin, Erma C. Kusian, Richard J. White, Mamie M. White, Gary L. Carpenter, Russell J. Frey, Bettie E. Frey, Walter H. Grams, Nancy Boston, Executrix of the Estate of Bessie Grams, Jose C. Tamez, Rose A. Milligan, and Mary P. Albert, appeared by and through their attorneys of record via telephone. During the telephone conference/hearing, the court made certain rulings with regard to future proceedings. Upon reflection, and further research, the court has determined that defendants' motion to compel arbitration should be granted and that plaintiff's request for declaratory judgment and injunctive relief should be dismissed.

Defendants are individuals who allege that they purchased from Darrell Todd Gibson ("Gibson") fraudulent, unsuitable, and unregistered investments. At the time defendants made their purchases, Gibson was an "independent registered representative and independent contractor" of plaintiff. Pl.'s Original Compl. at 3, ¶ 19. Defendants instituted an arbitration proceeding before the National Association of Securities Dealers, Inc. ("NASD"), relying on NASD Rule 10301 and Gibson's form U-4 application for NASD registration. Plaintiff is a member of the NASD. On March 6, 2003, plaintiff filed its original complaint for declaratory judgment and injunctive relief, seeking a declaration that the claims defendants assert are not arbitrable and an injunction to prevent defendants from proceeding with NASD arbitration. The court has granted plaintiff leave to amend its complaint to include a request for declaration that it is not liable to defendants as a result of Gibson's activities.

As an NASD member, plaintiff is required to arbitrate disputes that fall within Rule 10301(a) when no independent agreement to arbitrate exists. *John Hancock Life Ins. Co. v. Wilson,* 254 F.3d 48, 55 (2d Cir.2001). That rule requires the member firm to submit to arbitration "[a]ny dispute, claim, or controversy . . . between a customer and a member and/or associated person arising in connection with the business of such member or in connection with the activities of such associated persons . . . ." Thus, two conditions must be satisfied to trigger the arbitration requirement. First, the claim must involve a dispute between a customer and a member or associated person. Second, the dispute must arise in connection with the business of the member or in connection with the activities of the associated person. *Id.* at 59. Here, the dispute arises between defendants as customers and Gibson, an associated person of plaintiff. *See BMA Fin. Servs., Inc. v. Guin,* 164 F.Supp.2d 813, 820–21 (W.D.La.2001) (one becomes an associated person of the firm sponsoring the filing of the form U-4 upon applying for registration). And, whether or not

the dispute arises in connection with plaintiff's business, it arises in connection with the activities of Gibson, the associated person. Accordingly, arbitration should be compelled. *Vestax Sec. Corp. v. McWood,* 280 F.3d 1078, 1082 (6th Cir.2002); *John Hancock,* 254 F.3d at 59–60. Although there is no Fifth Circuit precedent, the court is satisfied that its ruling is consistent with the circuit's liberal view of matters to be arbitrated. *See Peoples Benefit Life v. Larson,* 46 Fed.Appx. 731 (5th Cir. July 30, 2002).

The court ORDERS that defendant's motion to compel arbitration be, and is hereby, granted; that the parties be, and are hereby, ordered to arbitrate the claims asserted by and between them; and, that plaintiff's amended complaint for declaratory judgment and injunctive relief be, and is hereby, dismissed.